UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
AIXAMARY RUIZ, and
RICHARD JOHN,

                              Plaintiffs,

              - against -

CITY OF NEW YORK,
DEPUTY INSPECTOR KEVIN A. WILLIAMS,
LIEUTENANT WISE,
SERGEANT YOUSSEF,
LIEUTENANT JIMILIAN,
POLICE OFFICER ARMOND, and
POLICE OFFICER KEVIN LOPEZ,
all being sued in their individual and professional capacities,

                              Defendants.
-------------------------------------------------------------------X

**AMENDED
COMPLAINT**
Jury Demand

14 Civ. 5231 (VEC)

Plaintiffs AIXAMARY RUIZ and RICHARD JOHN, by their attorneys CRONIN &

BYCZEK, LLP, complaining of Defendants CITY OF NEW YORK, DEPUTY INSPECTOR

KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT

JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, each being

sued in their individual and official capacities as employees of the CITY, allege, upon

information and belief, that:

## NATURE OF ACTION

1.  This is an action for equitable relief and money damages on behalf of Plaintiffs

    AIXAMARY RUIZ ("RUIZ") and RICHARD JOHN "("JOHN") (together, "Plaintiffs")

    who were, and who are prospectively deprived of their statutory and constitutional rights as

    a result of the Defendants' policies and practices of discrimination based upon their race,

gender, color, hostile work environment and retaliation. Said policies were implemented under color of law.

## **JURISDICTION AND VENUE**

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

    a. Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the basis of race, gender and color;

    b. The Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the protection of all person's right to make and enforce contracts under the color of state law;

    c. The Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

    d. The unlawful employment practices, violations of plaintiff's civil rights and tortious acts complained of herein were committed within the Southern District of New York.

3. The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; and New York City Administrative Code § 8-502 and § 8-101 *et. seq.*, pursuant to 28 U.S.C. § 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the Plaintiffs would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFFS

4. Plaintiff AIXAMARY RUIZ is a female Hispanic citizen of the United States of America and is over twenty-one (21) years of age, a resident of the Borough of Bronx, State of New York and is an employee of defendant CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as the "NYPD"). For the purposes of this litigation, NYPD may be used interchangeably with Defendant CITY to identify the employer which is Defendant CITY.

5. Plaintiff RICHARD JOHN is an African-American male citizen of the United States of America and is over twenty-one (21) years of age, a resident of the Borough of Bronx, State of New York and is an employee of defendant CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as the "NYPD"). For the purposes of this litigation, NYPD may be used interchangeably with Defendant CITY to identify the employer which is Defendant CITY.

## DEFENDANTS

6. Defendant CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the CITY and State of New York. CITY is authorized by law to maintain a Police Department ("NYPD") that acts as its agent and for which it is ultimately responsible.

7. Defendant CITY is an employer as defined in Title VII, employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

8. Defendant DEPUTY INSPECTOR KEVIN A. WILLIAMS ("WILLIAMS"), an African-American male, was at all relevant times a Deputy Inspector for the New York City

Police Department and is acting in such capacity at all times relevant herein. Defendant WILLIAMS was at all relevant times Plaintiffs' supervisor and is sued in his individual and official capacity.

9. Defendant LIEUTENANT WISE ("WISE"), a black female, was at all relevant times a Lieutenant for the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant WISE was at all relevant times Plaintiffs' supervisor and is sued in her individual and official capacity.

10. Defendant SERGEANT YOUSSEF ("YOUSSEF"), a white male, was at all relevant times a Sergeant for the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant YOUSSEF was at all relevant times Plaintiffs' supervisor and is sued in his individual and official capacity.

11. Defendant LIEUTENANT JIMILIAN ("JIMILIAN"), a Hispanic male, was at all relevant times a Lieutenant for the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant JIMILIAN was at all relevant times Plaintiffs' supervisor and is sued in his individual and official capacity.

12. Defendant POLICE OFFICER ARMOND ("ARMOND"), a black female, was at all relevant times a Police Officer for the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant ARMOND is sued in her individual and official capacity.

13. Defendant POLICE OFFICER KEVIN LOPEZ ("LOPEZ"), a Hispanic male, was at all relevant times a Police Officer for the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant LOPEZ is sued in his individual and official capacity.

## PROCEDURAL REQUIREMENTS

14. Plaintiffs have filed suit with this Court within the applicable statute of limitations period.

15. Plaintiffs are not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

16. On or about August 9, 2013, Plaintiff RUIZ submitted a complaint with the EEOC under charge number 520-2013-02893.

17. Plaintiff RUIZ received a Notice of Right to Sue letter from the EEOC (Exhibit "A") dated April 14, 2014.

18. On or about August 9, 2013, Plaintiff JOHN submitted a complaint with the EEOC under charge number 520-2013-02892.

19. Plaintiff JOHN received a Notice of Right to Sue letter from the EEOC (Exhibit "B") dated April 14, 2014.

## FACTUAL BACKGROUND

20. Plaintiff RUIZ is a Hispanic female who complained of race, gender and color discrimination, harassment, hostile work environment and retaliation. Said information was known to all defendants.

21. Plaintiff JOHN is an African-American male who complained of race, gender and color discrimination, harassment, hostile work environment and retaliation. Said information was known to all defendants.

22. Plaintiff RUIZ is employed by the CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT. Her date of appointment was July 9, 2007.

23. Plaintiff JOHN is employed by the CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT. His date of appointment was January 7, 2008.

24. At all times relevant herein, Plaintiffs were assigned to the 28th Precinct, located at 2271 Frederick Douglass Boulevard, New York, New York 10027.

25. Plaintiffs have been subjected to a continuing pattern and practice of discrimination and hostile work environment based upon their race, gender and color and in retaliation for complaining about defendants' discriminatory actions and other wrongdoings.

26. Plaintiffs assert that the defendants engage in a pattern and practice of discrimination against blacks and Hispanics and other minority officers and against women.

27. At all times relevant herein Plaintiffs were involved in a romantic relationship of which Defendants were all aware.

28. On February 20, 2012 at about 8:19 p.m. JOHN was sent a text message in which RUIZ's face was "photo-shopped" onto a woman's naked body.

29. He showed the group text message and the picture to RUIZ.

30. When confronted, Defendant LOPEZ admitted to taking the photo, and that he had sent it as a group text-message to numerous of Plaintiffs' co-workers, including Sergeant Franklin who, as a supervisor, was required to report the incident to OEEO but failed to do so.

31. JOHN complained to LOPEZ and his sergeant that this was sexual harassment and that it would not be tolerated if he and RUIZ were not minorities.

32. During the summer of 2012 RUIZ was forced to go out on sick leave for a fibroid tumor on her uterus.

33. Upon her return RUIZ was made partners with Police Officer Beissel, a Hispanic female. Officer Beissel was told not to trust RUIZ, and that she should not "get near" her.

34. In late October or early November of 2012, RUIZ was approached and threatened by Defendant LOPEZ (who had sent the photo of her face on a naked woman's body). As a result LOPEZ was subjected to a G.O. 15. LOPEZ told everyone around the command that it was because of RUIZ.

35. On November 25, 2012, RUIZ was assigned to patrol with Defendant ARMOND. The day before, RUIZ had informed her supervisor, Defendant JIMILIAN, that she and ARMOND did not get along, and could therefore not work with her. RUIZ was forced to work with her anyway.

36. While working together ARMOND became very confrontational with RUIZ. At one point, a housing unit requested a unit respond to a location regarding a robbery. ARMOND pulled their vehicle up beside another NYPD vehicle and began having a conversation with the officer in the other vehicle.

37. RUIZ could not hear the conversation, as she was in the passenger seat and the other car had stopped at the driver's side window of their vehicle.

38. RUIZ and ARMOND went to the hospital to interview the victim of the robbery.

39. At the hospital, ARMOND attempted to interview the victim, but did not let RUIZ enter the room. ARMOND then radioed in that the report (of the robbery) was "unfounded," because she could not understand what the victim was saying, as he did not speak English.

40. RUIZ then decided to go to the hospital to interview the victim herself, but ARMOND said "let me handle it," and again acted in a confrontational manner towards RUIZ. ARMOND closed the car window on RUIZ as she was trying to talk to ARMOND, and said "get the fuck out of my face."

41. RUIZ reported the incident to her supervisors, Sergeant Mesa, Sergeant Henderson, and Defendant YOUSSEF the same day.

42. Then, as RUIZ was preparing to go to the hospital to interview the victim, ARMOND told her to do it herself and that she would not accompany RUIZ.

43. RUIZ again complained to her superiors, but Defendant YOUSSEF, the Integrity Control Officer, said "I don't go over any other boss' head."

44. RUIZ calmly tried to convince ARMOND to "just get it over with" – meaning, go to the hospital with her to interview the victim, to which ARMOND responded "you fucking bitch, stay away from me, fuck you, you're crazy, stay the fuck away from me."

45. The next day was RUIZ's day off. She was called to come in because ARMOND had complained that RUIZ had threatened her life. This was completely untrue. RUIZ had made every attempt to work with ARMOND in a congenial manner, but met with only a hostile and confrontational attitude.

46. Because she had been unable to interview the victim the report for the robbery incident was late and RUIZ was subjected to a hostile G.O. 15 interrogation. RUIZ told them as much – that she was prevented from interviewing the victim by ARMOND, which caused a delay in the report. ARMOND was given NO discipline for the entire incident, while RUIZ was permanently assigned to a "day tour" which interferes with her child-care schedule for her 3 year old.

47. As a result RUIZ filed an internal NYPD OEEO complaint on October 18, 2012.

48. Since that filing, her co-workers do not come to back her up. As a police officer, not having back-up is dangerous and intolerable for both the officer and the public.

49. On November 9, 2012, at about 1830 hours, Plaintiff JOHN found the words "PO Ruiz sucks PO John's dick" written on the bathroom wall. Again, he immediately reported it to OEEO.

50. On November 29, 2012, JOHN returned to the 28th Precinct from a detail at the 60th Precinct and went down to the male locker room in the basement. He found that someone had written on his locker in black permanent marker "Fuck Pussy John," "Fuck," and "Fuck John."

51. JOHN immediately notified the Desk Officer – Sergeant Leon, who notified the Executive Officer. The Executive Officer then went down to the locker room to confirm the display of offensive material.

52. JOHN was interviewed about the incident, at which time he informed them that he last saw his locker without such markings at approximately 1520 hours on November 28, 2012. JOHN explained that he had returned from detail at approximately 0520 hours, at which time he discovered the markings on his locker.

53. The Executive Officer along with Defendant YOUSSEF inspected all of the lockers in the men's locker room. Additionally, a complete inspection of the female locker room was done by YOUSSEF and Sergeant Talisha Jeter-Howard.

54. The Executive Officer also inspected the men's bathroom that is adjacent to the muster room, where he found the words "Fuck Ruiz" written in black permanent marker above the left urinal.

55. On November 29, 2012, RUIZ had a meeting with Union Delegate P.O. Kenny Stella and Defendant WILLIAMS. Defendant WILLIAMS said to RUIZ "you're lucky your status didn't change."

56. On December 14, 2012, RUIZ was experiencing chest-pains, so she went to see the District Surgeon. The District Surgeon gave her until Friday, December 21st to return to full-duty (despite the fact that she still had chest-pains). RUIZ was often required to work very long days, sometimes even days that are 12-14 hours long.

57. On December 14, 2012, at approximately 5:30 p.m., RUIZ felt sick and had to go to Montefiore Medical Center in the Bronx. There she was diagnosed with a bronchial infection and sent home. The next day RUIZ went to see the District Surgeon, who told her to come back on Friday, December 21st. However, RUIZ was called on Monday and told that she had to come in on Tuesday.

58. From December 15, 2012 through December 18, 2012 RUIZ received multiple notifications regarding her assigned tours. During those days, RUIZ was ordered to work 12-13 hour shifts each day, but was unable to do so as she was still sick.

59. On December 21, 2012, JOHN received a copy of the UF49 report regarding the locker room and bathroom graffiti incidents.

60. On February 13, 2013, RUIZ received a Command Discipline ("CD") for discourtesy and insubordination from Defendant WISE for an incident that occurred the day before. The CD alleged that RUIZ had come back to the stationhouse at "1750" hours when in fact she had scratched her book at 1720 hours.

61. On the day in question, RUIZ worked a day tour – from 4-12. She was held up at court, and called the Desk Sergeant to notify them but it was busy.

62. There were three other, non-minority officers, and who, upon information and belief had not filed complaints, in court at the same time as RUIZ. RUIZ and the other officers

arrived back at the stationhouse at approximately the same time. However, RUIZ was the only one to get into trouble.

63. Defendant WISE yelled at RUIZ "why didn't you call when I told you to?" to which RUIZ responded "I did, the desk was busy and I called the TS." WISE then yelled "why didn't you come back?" and RUIZ told her "I did."

64. WISE then told RUIZ she would deny RUIZ's being paid for overtime. At that point RUIZ said "get me my delegate" in Spanish ("Yama Stella") and WISE responded "I ordered you not to speak Spanish in front of me" and threatened to discipline RUIZ. WISE stated that in order to avoid a CD, RUIZ would have to take the overtime in time and not cash. RUIZ agreed to take it in time. When RUIZ went to get her overtime WISE refused to give it to her. RUIZ was ultimately disciplined.

65. WISE said "tomorrow we will have a meeting with the I.C.O." WISE was yelling at RUIZ the whole time and jumping over her desk.

66. In a letter dated March 8, 2013, and referencing OEEO case # 197 s.12, the NYPD informed JOHN that it had determined that the allegation of a display of offensive material by Defendant LOPEZ had been substantiated.

67. On April 4, 2013, in the bathroom adjacent to the muster room, JOHN found the words "Fuck Ruiz" and "Fuck John" written above the right urinal. He immediately reported what he had found to the Desk Sergeant, Sergeant Lee, who then reported it to OEEO.

68. There can be no doubt that all of the incidents alleged were reported to Plaintiffs' supervisors and OEEO.

69. RUIZ'S CD was adjudicated by Defendants YOUSSEF and WILLIAMS on April 16, 2013. In clear retaliation RUIZ was placed on a foot post beginning April 22nd as evidenced by WILLIAMS' repeated assertion that "this is not retaliation."

70. Following her filing complaints of discrimination, RUIZ received two Schedule "B" Command Disciplines. The first was for being discourteous to Defendant WISE and the second was for failing to submit a report in a timely manner (relating to the incidents with P.O. Armond) despite that the report was completed on the same day as the incident.

71. RUIZ had never had discipline issues prior to her filing complaints of discrimination.

72. As a result of the retaliatory discipline RUIZ is unable to transfer out of the command and her chances of promotion and career advancement are severely hampered.

73. Also following her complaints, people have told co-workers to "stay away" from RUIZ because she had "sued a bunch of cops" and "she'll sue you."

74. Officers have called RUIZ a "joke" and stated that she should leave the precinct. RUIZ was also told "I heard you were suing everybody." Additionally, co-workers refuse to work with her and refuse to trust her due to her label as being a "rat." In fact, when Plaintiff complained of the retaliation to a supervisor an "announcement" was made that "whoever is being a rat needs to stop telling bosses everything" clearly referring to RUIZ. Her supervisors attempted to rationalize the retaliation by saying that it was "just a prank" but it was so severe as to cause Plaintiff to become sick at one point.

75. Plaintiffs' treatment was based solely on their race, gender and color and in retaliation for complaints they made. They have suffered economic, physical, emotional and mental damages, including, but not limited to stress, hair loss and loss of sleep.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RACE DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

76. Plaintiffs re-allege paragraphs 1 through 75 and incorporate them by reference as paragraphs 1 through 75 of Count I of this Complaint.

77. Plaintiffs allege that Defendant CITY through its agents engaged in a pattern and practice of discrimination against them with respect to the terms, conditions and privileges of employment because of the plaintiffs' race in violation of 42 U.S.C. § 2000e-2.

78. As a result of the acts of Defendants' under color of law, Plaintiffs suffered emotional distress, humiliation and embarrassment, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

### COUNT II
### GENDER DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

79. Plaintiffs re-allege paragraphs 1 through 78 and incorporate them by reference as paragraphs 1 through 78 of Count II of this Complaint.

80. Plaintiffs allege that Defendant CITY through its agents engaged in a pattern and practice of discrimination against them with respect to the terms, conditions and privileges of employment because of the plaintiffs' gender in violation of 42 U.S.C. § 2000e-2.

81. As a result of the acts of Defendants' under color of law, Plaintiffs suffered emotional distress, humiliation and embarrassment, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT III
### COLOR DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

82. Plaintiffs re-allege paragraphs 1 through 81 and incorporate them by reference as paragraphs 1 through 81 of Count III of this Complaint.

83. Plaintiffs allege that Defendant CITY through its agents engaged in a pattern and practice of discrimination against them with respect to the terms, conditions and privileges of employment because of the plaintiffs' color in violation of 42 U.S.C. § 2000e-2.

84. As a result of the acts of Defendants' under color of law, Plaintiffs suffered emotional distress, humiliation and embarrassment, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT IV
### RETALIATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

85. Plaintiffs re-allege paragraphs 1 through 84 and incorporate them by reference as paragraphs 1 through 84 of Count IV of this Complaint.

86. Plaintiff alleges that Defendant CITY through its agents engaged in various retaliatory actions against Plaintiffs as a result of their opposition to race, gender and color discrimination and as a result of their filing such complaints with Defendants and the EEOC, in violation of 42 U.S.C. § 2000e-3(a).

87. That as a result of the illegal acts of Defendant CITY through its agents, plaintiffs suffered depression and anxiety.

## COUNT V
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

88. Plaintiffs re-allege paragraphs 1 through 87 and incorporate them by reference as paragraphs 1 through 87 of Count V of this Complaint.

89. Plaintiffs allege that Defendant CITY through its agents engaged in various severe and hostile actions towards Plaintiffs as a result of their opposition to race, gender and color discrimination and as a result of their filing such complaints with the NEW YORK CITY POLICE DEPARTMENT and the EEOC.

90. That as a result of the severe and hostile acts of the Defendant CITY through its agents, Plaintiffs suffered depression, anxiety and loss of job opportunities.

## COUNT VI
### RACE DISCRIMINATION IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

91. Plaintiffs re-allege paragraphs 1 through 90 and incorporate them by reference as paragraphs 1 through 90 of Count VI of this Complaint.

92. Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, under color of law, personally interfered with and deprived plaintiffs of their constitutional rights, including the rights: to enjoy freedom of speech, to petition their government for redress of their grievances, to be secure in their person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

93. Defendants DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND

and POLICE OFFICER KEVIN LOPEZ,  acting individually and in their official capacities as a public official of defendant CITY under color of law, and having been fully advised that plaintiffs were being deprived of their constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiffs, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiffs from continuing deprivations of their rights to enjoy freedom of speech, to petition their government for redress of their grievances, to be secure in their person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

94. Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ,  in acting to deprive plaintiffs' rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiffs' rights.

95. As a result of the acts of the Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, under color of law, plaintiffs suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT VII
### GENDER DISCRIMINATION IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

96. Plaintiffs re-allege paragraphs 1 through 95 and incorporate them by reference as

paragraphs 1 through 95 of Count VII of this Complaint.

97. Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, under color of law, personally interfered with and deprived plaintiffs of their constitutional rights, including the rights: to enjoy freedom of speech, to petition their government for redress of their grievances, to be secure in their person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

98. Defendants DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, acting individually and in their official capacities as a public official of defendant CITY under color of law, and having been fully advised that plaintiffs were being deprived of their constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiffs, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiffs from continuing deprivations of their rights to enjoy freedom of speech, to petition their government for redress of their grievances, to be secure in their person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

99. Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, in acting to deprive plaintiffs' rights, acted intentionally, knowingly, willfully, and with gross disregard of

plaintiffs' rights.

100.      As a result of the acts of the Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, under color of law, plaintiffs suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT VIII
### COLOR DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

101.      Plaintiffs re-allege paragraphs 1 through 100 and incorporate them by reference as paragraphs 1 through 100 of Count VIII of this Complaint.

102.      Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, under color of law, personally interfered with and deprived plaintiffs of their constitutional rights, including the rights: to enjoy freedom of speech, to petition their government for redress of their grievances, to be secure in their person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

103.      Defendants DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, acting individually and in their official capacities as a public official of defendant CITY under color of law, and having been fully advised that plaintiffs were being deprived of their constitutional rights, either

acted in a concerted, malicious intentional pattern to further discriminate against plaintiffs, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiffs from continuing deprivations of their rights to enjoy freedom of speech, to petition their government for redress of their grievances, to be secure in their person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

104.      Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, in acting to deprive plaintiffs' rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiffs' rights.

105.      As a result of the acts of the Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, under color of law, plaintiffs suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT IX
### RETALIATION IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

106.      Plaintiffs re-allege paragraphs 1 through 105 and incorporate them by reference as paragraphs 1 through 105 of Count IX of this Complaint.

107.      Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT

JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, under color of law, personally interfered with and deprived plaintiffs of their constitutional rights, including the rights: to enjoy freedom of speech, to petition their government for redress of their grievances, to be secure in their person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

108.      Defendants DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ,  acting individually and in their official capacities as a public official of defendant CITY under color of law, and having been fully advised that plaintiffs were being deprived of their constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiffs, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiffs from continuing deprivations of their rights to enjoy freedom of speech, to petition their government for redress of their grievances, to be secure in their person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

109.      Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ,  in acting to deprive plaintiffs' rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiffs' rights.

110.      As a result of the acts of the Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF,

20

LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, under color of law, plaintiffs suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT X**
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

111.    Plaintiffs re-allege paragraphs 1 through 110 and incorporate them by reference as paragraphs 1 through 110 of Count X of this Complaint.

112.    Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, under color of law, personally interfered with and deprived plaintiffs of their constitutional rights, including the rights: to enjoy freedom of speech, to petition their government for redress of their grievances, to be secure in their person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

113.    Defendants DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, acting individually and in their official capacities as a public official of defendant CITY under color of law, and having been fully advised that plaintiffs were being deprived of their constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiffs, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiffs from continuing deprivations of their rights to enjoy freedom of speech,

to petition their government for redress of their grievances, to be secure in their person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

114.      Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ,  in acting to deprive plaintiffs' rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiffs' rights.

115.      As a result of the acts of the Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, under color of law, plaintiffs suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XI
### RACE DISCRIMINATION IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

116.      Plaintiffs re-allege paragraphs 1 through 115 and incorporate them by reference as paragraphs 1 through 115 of Count XI of this Complaint.

117.      That by the aforesaid discriminatory acts and omissions of CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, acting individually and in their official

capacities as public officials of Defendant CITY interfered with plaintiffs' right to enforce contracts under the color of State Law.

118.     That the purpose of Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, in so acting was to prevent plaintiffs, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy their right to freedom of speech, to petition their government for redress of their grievances, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

119.     Pursuant to their conduct, the Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, acted to deprive the plaintiffs of their civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

120.     As a result of the aforesaid acts, depriving plaintiffs of their civil rights, plaintiffs suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT XII
## RACE DISCRIMINATION IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

121.    Plaintiffs re-allege paragraphs 1 through 120 and incorporate them by reference as paragraphs 1 through 120 of Count XII of this Complaint.

122.    Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race or for having made charges of same.

123.    Plaintiff alleges that based upon the foregoing, Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, discriminated against the Plaintiffs based on their race and for having made charges of same.

124.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, plaintiffs have suffered the indignity of race discrimination, and great humiliation.

125.    Plaintiffs allege that because of Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ's violations, Plaintiffs have been damaged.

## COUNT XIII
### GENDER DISCRIMINATION IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW § 296

126.    Plaintiffs re-allege paragraphs 1 through 125 and incorporate them by reference as
paragraphs 1 through 125 of Count XIII of this Complaint.

127.    Plaintiff alleges that New York State Executive Law §296, makes it unlawful to
discriminate against any individual in the terms, conditions, or privileges of employment
based upon gender or for having made charges of same.

128.    Plaintiff alleges that based upon the foregoing, Defendants CITY OF NEW
YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE,
SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND
and POLICE OFFICER KEVIN LOPEZ, discriminated against the Plaintiffs based on their
gender and for having made charges of same.

129.    Plaintiff alleges that as a direct and proximate result of the unlawful employment
practices of Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A.
WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT
JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ,
plaintiffs have suffered the indignity of gender discrimination, and great humiliation.

130.    Plaintiffs allege that because of Defendants CITY OF NEW YORK, DEPUTY
INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF,
LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER
KEVIN LOPEZ's violations, Plaintiffs have been damaged.

## COUNT XIV
## COLOR DISCRIMINATION IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

131.    Plaintiffs re-allege paragraphs 1 through 130 and incorporate them by reference as paragraphs 1 through 130 of Count XIV of this Complaint.

132.    Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon color or for having made charges of same.

133.    Plaintiff alleges that based upon the foregoing, Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, discriminated against the Plaintiffs based on their color and for having made charges of same.

134.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, plaintiffs have suffered the indignity of color discrimination, and great humiliation.

135.    Plaintiffs allege that because of Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ's violations, Plaintiffs have been damaged.

## COUNT XV
## RETALIATION IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

136.    Plaintiffs re-allege paragraphs 1 through 135 and incorporate them by reference as paragraphs 1 through 135 of Count XV of this Complaint.

137.    Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race, gender and color and makes it illegal to retaliate for charging same.

138.    Plaintiff alleges that based upon the foregoing, CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ discriminated against the Plaintiffs based on race, gender and color and in retaliation for charging same.

139.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, plaintiffs have suffered the indignity of retaliation and great humiliation.

140.    Plaintiffs allege that because of CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ's violations, Plaintiffs have been damaged.

## COUNT XVI
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW §296

141.     Plaintiffs re-allege paragraphs 1 through 140 and incorporate them by reference as paragraphs 1 through 140 of Count XVI of this Complaint.

142.     Plaintiffs allege that New York State Executive Law §296, makes it unlawful to create, condone and/or tolerate a hostile working environment based upon race, gender and color harassment, and retaliation.

143.     Plaintiffs allege that based upon the foregoing, CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ created, condoned and tolerated a hostile working environment which negatively affected the terms and conditions of their employment.

144.     Plaintiffs allege that CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ created, condoned and tolerated a hostile working environment which caused Plaintiffs to sustain damages.

## COUNT XVII
### RACE DISCRIMINATION IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-101 *et seq.*

145.     Plaintiffs re-allege paragraphs 1 through 144 and incorporate them by reference as paragraphs 1 through 144 of Count XVII of this Complaint.

146.    Plaintiffs allege that New York City Administrative Code §8-101 *et seq.*, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race and makes it illegal to retaliate for charging same.

147.    Plaintiffs allege that based upon the foregoing, Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ discriminated against the Plaintiff based upon their race and in retaliation for charging same.

148.    Plaintiffs allege that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, Plaintiffs have suffered the indignity of race discrimination, retaliation and great humiliation.

149.    Plaintiffs allege that because of Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ's violations, Plaintiffs have been damaged.

<u>COUNT XVIII</u>
**GENDER DISCRIMINATION IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-101 *et seq.***

150.    Plaintiffs re-allege paragraphs 1 through 149 and incorporate them by reference as paragraphs 1 through 149 of Count XVIII of this Complaint.

151.    Plaintiffs allege that New York City Administrative Code §8-101 *et seq.*, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon gender and makes it illegal to retaliate for charging same.

152.    Plaintiffs allege that based upon the foregoing, Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ discriminated against the Plaintiff based upon their gender and in retaliation for charging same.

153.    Plaintiffs allege that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, Plaintiffs have suffered the indignity of gender discrimination, retaliation and great humiliation.

154.    Plaintiffs allege that because of Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ's violations, Plaintiffs have been damaged.

## COUNT XIX
### COLOR DISCRIMINATION IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-101 *et seq.*

155.    Plaintiffs re-allege paragraphs 1 through 154 and incorporate them by reference as paragraphs 1 through 154 of Count XIX of this Complaint.

156.      Plaintiffs allege that New York City Administrative Code §8-101 *et seq.*, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon color and makes it illegal to retaliate for charging same.

157.      Plaintiffs allege that based upon the foregoing, Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ discriminated against the Plaintiff based upon their color and in retaliation for charging same.

158.      Plaintiffs allege that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, Plaintiffs have suffered the indignity of color discrimination, retaliation and great humiliation.

159.      Plaintiffs allege that because of Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ's violations, Plaintiffs have been damaged.

## COUNT XX
### RETALIATION IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE §8-101 *et seq.*

160.      Plaintiffs re-allege paragraphs 1 through 159 and incorporate them by reference as paragraphs 1 through 159 of Count XX of this Complaint.

Plaintiffs allege that New York City Administrative Code §8-101 *et seq.*, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race, gender and color and makes it illegal to retaliate for charging same.

161.    Plaintiffs allege that based upon the foregoing, Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ discriminated against the Plaintiffs based upon their race, gender and color and in retaliation for charging same.

162.    Plaintiffs allege that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ, Plaintiffs have suffered the indignity of race, gender and color discrimination, retaliation and great humiliation.

163.    Plaintiffs allege that because of Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ's violations, Plaintiffs have been damaged.

## COUNT XXI
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE §8-101 *et seq.*

164.    Plaintiffs re-allege paragraphs 1 through 163 and incorporate them by reference as paragraphs 1 through 163 of Count XXI of this Complaint.

165.     Plaintiffs allege that New York City Administrative Code §8-101 *et seq.*, makes it unlawful to create, condone or and/or tolerate a hostile working environment based upon race, gender and color discrimination, and retaliation for charging same.

166.     Plaintiffs allege that based upon the foregoing, Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ created, condoned and/or tolerated a hostile working environment which negatively affected the terms and conditions of their employment.

167.     Plaintiffs allege that Defendants CITY OF NEW YORK, DEPUTY INSPECTOR KEVIN A. WILLIAMS, LIEUTENANT WISE, SERGEANT YOUSSEF, LIEUTENANT JIMILIAN, POLICE OFFICER ARMOND and POLICE OFFICER KEVIN LOPEZ's violations caused Plaintiffs to sustain damages.

## <u>JURY TRIAL</u>

168.     Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands compensatory and punitive damages from these Defendants jointly and severally, in an amount to be determined at trial, plus any available statutory remedies, both legal and equitable, and interests and costs.

Dated: December 5, 2014
      Lake Success, New York

                            **CRONIN & BYCZEK, LLP**
                            *Attorneys for Plaintiff*

BY: _____
                            Moshe C. Bobker
                            1983 Marcus Avenue, Suite C-120
                            Lake Success, New York 11042
                            (516) 358-1700